PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his *102 2004 Mazda struck a hole while he was traveling on Sauls Run Road in Harrison County. Sauls Run Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on the evening of January 21, 2006. Sauls Run Road is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Sauls Run Road with a pickup truck traveling towards him. He stated that it was raining and the road was narrow and that because of the oncoming traffic he was close to the edge of the road. His vehicle struck a hole along on the edge of the road that he had not noticed, damaging two tires and two rims. He stated that the hole was eight to ten inches deep and approximately one foot wide. Claimant’s vehicle sustained damage totaling $736.85 a portion of which was paid by his insurance and his out-of-pocket was in the amount of $336.50.
The position of the respondent is that it did not have actual or constructive notice of the condition on Sauls Rim Road at the site of the claimant’s accident for the date in question. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on Sauls Rim Road. The size of the hole and the location of the hole in the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for his portion of the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $336.50.
Award of $336.50.